Howard G. DIXON, Homer Denno, Albino Zanchettin, Fred R. Harris, Joseph F. Walker, Arthur W. Rankin, Lehman H. Mengel, Karl G. Strickler, Plaintiffs,

v.

**NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS, Defendant and Third-Party Plaintiff,**

v.

**John B. DRAKE et al., Third-Party Defendants.**

**No. 4–66 Civ. 65.**

United States District Court
D. Minnesota,
Fourth Division.
March 19, 1969.

Ronald D. Olson, Carlsen, Greiner & Law, Minneapolis, Minn., for plaintiffs.

Faegre & Benson, by Wright W. Brooks and George E. Harding, Minneapolis, Minn., for defendant and third-party plaintiff.

Dorsey, Marquart, Windhorst, West & Halladay, by Horace Hitch, Minneapolis, Minn., for defendants Drakes.

Rider, Bennett, Egan & Johnson, by Stuart W. Rider, Jr., Minneapolis, Minn., for D. P. Jesson, Venita O'Shaughnessy and E. R. Gallagher.

Henson & Webb, by Robert F. Henson, Minneapolis, Minn., for Bayard.

Robert L. Van Fossen, Minneapolis, Minn., for defendants Cuffel, Nordstrom, Bixby, Borden, Victorson & Burroughs.

NEVILLE, District Judge.

Presently before the court is defendant's pretrial motion to quash plaintiffs' demand for a jury trial in this action on the grounds that the issues raised herein are exclusively equitable in nature. The third-party defendants join in supporting defendant's motion.

The complaint in the action asserts that defendant bank, the trustee under an employees' profit sharing trust, improperly used the trust funds to buy and invest in worthless preferred stock of the allegedly insolvent employer, Johnson, Drake & Piper, Inc. Defendant bank has answered denying any wrongful action on its part. It claims further that any and all investments and distributions to the plaintiffs were done under the mandatory direction and authorization of a "Profit Sharing Committee" composed of some seven employees of the employer-trustor; that as trustee it had no discretion either in the investments or distributions; and that by the very terms of the trust instrument it was exculpated in advance. Members of the "Profit Sharing Committee" have been made third-party defendants on the bank's claim for indemnification.

Plaintiffs are past employees of the employer-trustor, Johnson, Drake & Piper, Inc., and participants in the company's "Employees' Profit Sharing Trust Agreement." On differing dates between December 30, 1963 and January 19, 1965, the various plaintiffs left the employ of Johnson, Drake & Piper, Inc. As beneficiaries of the trust on termination of employment each received certain cash and stock distributions, claimed to be pursuant to the terms of the trust instrument and directions from the profit sharing committee. The stock distributions consisted of shares of $100 par value, 4% preferred stock of the employer Johnson, Drake & Piper, Inc. Plaintiffs allege that the above stock as distributed is presently owned by them as its recipients. Plaintiffs contend that the defendant bank as trustee purchased the Johnson, Drake & Piper preferred stock knowing it was valueless or nearly so due to the insolvency of that corporation with an intent to benefit directly from such purchase through the use of the funds by the corporation to reduce its outstanding loans to defendant bank which it had previously made to the insolvent firm through its Commercial department. The subsequent proportional distributions of the stock allegedly were conducted with like bad faith, maliciously and in reckless indifference of the rights of the recipients. Plaintiffs demand judgment against the defendant in two lump sums of $45,800.00 compensatory and $250,000.00 punitive damages. No individual prayers for relief are set forth in the complaint.

In an earlier order, this court denied defendant's motion to dismiss the action as to seven of the eight plaintiffs on the grounds that these eight plaintiffs have a "common and joint" right or interest in this action and that since at least one of the plaintiff's claims exceeded the jurisdictional amount of this court and diversity exists aggregation of the damage claims to achieve the lump sum of $45,800.00 compensatory damages was permissible. See Dixon v. Northwestern Nat'l Bank of Mpls., 276 F.Supp. 96 (D. Minn.1967).

Defendant argues that an action brought by beneficiaries of a trust fund against the trustee for alleged breach of trust is historically and inherently an equitable action, and therefore one in which there is no right to a jury trial. Plaintiffs argue that they are entitled to a jury trial as this is merely an action for damages, general and punitive, arising out of certain acts of the defendant. Plaintiffs claim they are not seeking an injunction, accounting, reformation, cancellation, specific performance or any other form of equitable relief.

The Seventh Amendment and Rule 38(a) of the Federal Rules of Civil Procedure have not altered the distinction between equitable and legal remedies. Despite the merger of law and equity accomplished by the Federal Rules, the right to a jury trial still applies only to actions which historically could have been brought at law. See Ross v. Bernhard, 403 F.2d 909 (2nd Cir. 1968); Ettelson v. Metropolitan Life Ins. Co., 137 F.2d 62 (2nd Cir. 1943), cert. denied, 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467 (1943); and 5 Moore, Federal Practice ¶38.08 [5] at 70 et seq. In addition, the issue of the right to a jury

trial in federal diversity actions is to be determined as a matter of federal law. Simler v. Conner, 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963).

In recent years the Supreme Court has emphasized that the right to trial by jury should be protected and has indicated that "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477–478, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962). See also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Moreover in order to obtain equitable relief it is necessary to show an inadequate remedy at law. Dairy Queen, Inc., supra at 478, 82 S.Ct. 894. As the Eighth Circuit Court of Appeals in Klein v. Shell Oil Co., 386 F.2d 659 (8th Cir. 1967) pointed out at 663:

"The question at hand must be resolved not merely by the form of the complaint but by an appraisal of the basic nature of the claims or issues presented, and the type of relief sought. Although the form of relief sought by a plaintiff is not necessarily determinative of the method of trial, it is a factor in characterizing issues in the case as either legal or equitable."

It is of course true that generally the remedies of the beneficiary against the trustee are exclusively equitable. Restatement of Trusts, Second § 197, comment b (1959) reads:

"A trustee who fails to perform his duties as trustee is not liable to the beneficiary for breach of contract in the common-law actions of special assumpsit or covenant or in a similar action at law in States in which the common-law forms of action have been abolished. The creation of a trust is conceived of as a conveyance of the beneficial interest in the trust property rather than as a contract. Moreover, questions of the administration of trusts have always been regarded as of a kind which can adequately be dealt with in a suit in equity rather than in an action at law, where questions of fact would be determined by a jury and not by the court. The mere fact that there may happen to be a promise in words by the trustee to perform the trust does not give the common-law courts concurrent jurisdiction over the administration of the trust."

There are, however, limited instances in which the beneficiary may maintain an action at law against the trustee. Restatement of Trusts, Second § 198(1) states:

"(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment."

The court believes the case at bar falls within this exception whereby a beneficiary may maintain an action at law against the trustee. In this case the trustee is alleged to have been under a duty to pay the various plaintiffs rather immediately and quite unconditionally upon termination of employment a sum certain, either in cash or stock, according to their proportional participation in the profit-sharing trust fund. This is not a suit in equity to compel the trustee to redress a breach of trust, i. e., to place a certain amount of money back into the trust property. Rather it is a suit for immediate payment on "an indebtedness arising out of a breach of trust." Restatement of Trusts, Second § 198, comment d at 436 (1959). The case at bar is similar in principle to illustration (3) contained in the Restatement of Trusts, Second § 198 at 435 which states:

"A transfers shares of stock to B in trust to pay the dividends accruing thereon to C. A dividend is received by B and B misappropriates it. B is liable to C in an action of debt or general assumpsit or in an action at law in States where the forms of action have been abolished."

Here the plaintiffs have terminated their employment with the company and have ceased their participation in the trust fund. An order for distribution has been made. Therefore there may be, if the proof so demonstrates, an immediate and unconditional duty on the trustee to pay plaintiffs their full share pursuant to the terms of the trust. If the trustee breaches his trust and misappropriates the trust property, or part of it, and does not make full payment to the beneficiaries, then the trustee may be liable in an action at law.

It also may be said in this case that there exists an adequate remedy at law. A jury hearing all the evidence may or may not as the case may be return a monetary judgment in favor of the plaintiffs. If plaintiffs are successful, the trustee is under a duty to pay the beneficiaries immediately and unconditionally. This case is thus distinguishable from the more normal situation where the beneficiaries are suing in equity to compel the trustee to redress a breach of trust by refunding to the trust estate and where there is no right to a jury trial. In the latter situation, a jury cannot award monetary relief, or any other relief, because the trustee is under no obligation to make immediate payment. Rather equitable relief compelling the trustee to restore the corpus must be decreed. However, once the beneficiaries have a vested right to payment or when the trustee is obligated under the terms of the trust to make distribution to the beneficiaries, then the beneficiaries are entitled to immediate payment and may maintain an action at law against the trustee. In close cases where there is doubt, it is the court's reading of the teachings in *Dairy Queen, Inc. supra* and other cases that the court should favor of the granting of a jury trial to insure constitutional rights.

The court therefore holds that plaintiffs are entitled to a jury trial. A separate order denying defendant's motion has been entered.