552 N.W.2d 27 (1996)
R.E.R., Appellant,
v.
J.G., et al., Respondents.
No. C8-95-2566.
Court of Appeals of Minnesota.
July 2, 1996.
*28 Brian C. Southwell, Charles W. Faulkner, Faulkner & Faulkner, Minneapolis, for Appellant.
Mary P. Rowe, Alan R. Vanasek, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, for Respondents.
Considered and decided by LANSING, P.J., and SHORT and HOLTAN[*], JJ.

OPINION
SHORT, Judge.
On appeal from a grant of summary judgment, R.E.R. argues the trial court erred in concluding the legislature's abolition of actions for alienation of affections precludes his breach of fiduciary duty claims.

FACTS
R.E.R. and his wife were members of a church where J.G. (minister) was the senior minister. In the spring of 1992, R.E.R. and his wife sought marital counseling from their minister. Between April 1992 and June 1993, the minister and R.E.R.'s wife engaged in an extramarital affair. R.E.R. and his wife were separated in December of 1993, and divorce proceedings were commenced in February of 1994.
R.E.R. brought an action against the minister and the United Methodist Church of Minnesota, alleging breach of a fiduciary duty, false representation, intentional infliction of emotional distress, breach of a duty of reasonable care, tortious hiring, illegal conspiracy, and joint enterprise. The minister moved for summary judgment on several grounds, including the statutory prohibition of alienation of affections claims. The trial court granted summary judgment in favor of the minister[1] because "[t]he essence of [R.E.R.'s] claims is that [the minister] alienated [his former wife's] affections and ruined his marriage."

ISSUE
Does the abolition of actions for alienation of affections preclude a claim for compensatory and emotional distress damages resulting from an alleged breach of a fiduciary duty?

ANALYSIS
On appeal from an order granting a motion for summary judgment, we determine whether there are any genuine issues of material fact and whether the trial court erred *29 in its application of the law. State by Cooper v. French, 460 N.W.2d 2, 4 (Minn.1990). Because both parties agree this appeal involves a purely legal question, we determine de novo whether R.E.R.'s complaint states a legitimate cause of action. See Frost-Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n, 358 N.W.2d 639, 642 (Minn.1984) (reviewing questions of law de novo).
In 1978, the Minnesota legislature abolished civil actions for alienation of affections. 1978 Minn. Laws ch. 515, § 2. This common law tort arose out of a defendant's intentional and wrongful conduct that caused the loss of affections of another's spouse. Pedersen v. Jirsa, 267 Minn. 48, 55, 125 N.W.2d 38, 43 (1963). Because actions based on the alienation of affections "have been subject to grave abuses, have caused intimidation and harassment, * * * and have resulted in the perpetration of frauds," the legislature abolished such claims as a matter of public policy. Minn.Stat. §§ 553.01 (public policy statement), 553.02 (1994) (abolishing actions for breach of promise to marry, alienation of affections, criminal conversation, and seduction); see also Schoenecke v. Ronningen, 315 N.W.2d 612, 614 (Minn.1982) (noting such claims are "particularly susceptible to inflated awards").
R.E.R. alleges he continues to suffer severe mental and emotional distress as a result of the minister's actions, which "imposed upon [him] the difficulties of dealing with spousal guilt, depression, unhappiness, and low self-esteem" and led to poor work performance, the termination of his employment, an unprofitable career change, and related medical expenses. Because these losses flow from the alienation of his former wife's affections, they generally are no longer recoverable because the legislature has outlawed heart balm actions. See Destefano v. Grabrian, 763 P.2d 275, 278, 288 (Colo.1988) (finding claims for mental pain and suffering, based on theories of negligence and intentional infliction of emotional distress, "plainly set forth claims for alienation of affections and criminal conversation"); Gasper v. Lighthouse, Inc., 73 Md.App. 367, 533 A.2d 1358, 1360-61 (1987) (barring claims for breach of contract and fiduciary duty because the "basis of the action was the destruction of the marriage and the injuries allegedly arising from it"), cert. denied, 311 Md. 718, 537 A.2d 272 (1988); Nicholson v. Han, 12 Mich.App. 35, 162 N.W.2d 313, 317 (1968) (concluding the plaintiff could not maintain his action for breach of contract because the claimed damages, pain and suffering, demonstrated his reliance on a prohibited tort theory); Strock v. Pressnell, 38 Ohio St.3d 207, 527 N.E.2d 1235, 1242-43 (1988) (declining to consider an intentional infliction of emotional distress action, in which the plaintiff sought damages for "anguish, shock, nervousness, and depression," because the abolition of claims for alienation of affections was intended to preclude these allegations); see also Wilson v. Still, 819 P.2d 714, 716 (Okla.1991) (finding a suit for intentional infliction of emotional distress was barred because the plaintiff basically sued the defendant for "wilfully taking away her husband" and stating the legislature immunized that conduct from tort liability). But see Erickson v. Christenson, 99 Or.App. 104, 781 P.2d 383, 385-86 (1989) (holding a plaintiff could proceed on a claim alleging intentional infliction of emotional distress because the alleged losses were different from those for seduction, but also stating plaintiffs previously suing for seduction could recover for damage to character and reputation as well as for mental anguish and pecuniary losses), appeal dismissed, 311 Or. 266, 817 P.2d 758 (1991).
Furthermore, allowing recovery for damages relating to the alienation of a spouse's affections would defeat the legislature's stated purpose in abolishing the heart balm actions. See Minn.Stat. § 553.01 (attempting to avoid the abuse of claims based on the alienation of affections); see also Weicker v. Weicker, 22 N.Y.2d 8, 290 N.Y.S.2d 732, 734, 237 N.E.2d 876, 876-77 (1968) (refusing to permit an action for intentional infliction of emotional distress because it would result in "a revival of evils not unlike those which prompted" the abolition of actions for alienation of affections and criminal conversation). R.E.R. acknowledges this limitation, but argues his losses do not arise from the sexual and emotional relationship that precipitated the break-up of his marriage. Instead, he argues the minister had a fiduciary duty not *30 to act against R.E.R.'s interests that arose from the relationship of trust created by their counseling arrangement. See Stark v. Equitable Life Assurance Soc'y of the United States, 205 Minn. 138, 145, 285 N.W. 466, 470 (1939) (quoting Miranovitz v. Gee, 163 Wis. 246, 157 N.W. 790, 792 (1916), and defining a fiduciary relationship as one in which confidence is reposed on one side); see also Destefano, 763 P.2d at 289 (permitting a claim for the breach of a fiduciary duty under similar circumstances because of this relationship). Even if R.E.R.'s complaint states a claim sufficiently distinct from that for the alienation of affections, however, his action must fail if he cannot show the adequacy of available damages to redress his injuries. See Minn. R. Civ. P. 12.02(e) (allowing defendants to move for the dismissal of a complaint based on its failure to state a claim upon which relief can be granted); Northern States Power Co. v. Franklin, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963) (stating a claim is sufficient if any evidence will permit the granting of the relief demanded).
R.E.R. seeks compensation for severe mental and emotional distress, resulting in the loss of his job, his subsequent acceptance of a lower-paying position outside of his career field, and increased medical expenses. But actions for the breach of a fiduciary duty generally sound in equity. Dominic J. Campisi et al., Emerging Damages Claims and the Right to Jury Trials in Fiduciary Litigation, 27 Real Prop., Prob. & Tr. J. 541, 557 (1992); see also Iowa Ctr. Assocs. v. Watson, 456 F.Supp. 1108, 1111 (N.D.Ill.1978) (applying Minnesota law and stating actions for breach of fiduciary duty are equitable in nature); Uselman v. Uselman, 464 N.W.2d 130, 137 (Minn.1990) (recognizing that "actions for a breach of trust lie in equity").
Equity allows recovery of the lost value of an asset, the profit of which a beneficiary was deprived, or any improper financial gains made by the fiduciary. Restatement (Second) of Torts § 927 cmt. j (1977); see also Restatement (Second) of Trusts §§ 199, 205 (1957) (collectively stating the equitable remedies of a beneficiary include compelling the trustee to perform his or her duties, enjoining the trustee from committing a breach, compelling the trustee to redress a breach (by way of the remedies outlined above), appointing a receiver, and removing the trustee). Equity seeks to restore the plaintiff to the position he or she occupied before the breach or to claim the defendant's ill-gotten profits for the plaintiff. Because of these limitations on remedies available for the breach of a fiduciary duty, Minnesota has not recognized an action against a trustee for the recovery of emotional distress losses. See Kohler v. Fletcher, 442 N.W.2d 169, 172 (Minn.App.1989) (denying emotional distress damages because only equitable relief is allowed for a trustee's breach of a fiduciary duty), review denied (Minn. Aug. 25, 1989); see also Restatement (Second) of Trusts §§ 197, 198 (stating the remedies of a beneficiary are exclusively equitable unless the trustee is under a duty to pay money or transfer property immediately and unconditionally); Restatement (Second) of Torts § 927 cmt. j (stating that the principles underlying the measure of recovery against an agent or trustee apply to proceedings against other fiduciaries).
R.E.R. argues the minister breached his duty by misappropriating R.E.R.'s confidential confessions to benefit the extramarital relationship with R.E.R.'s former wife. While the minister may have improperly used information obtained from R.E.R., it does not conceivably lie within a court's equitable powers to order restitution or disgorgement. See Garner v. Boyd, 330 F.Supp. 22, 26 (N.D.Tex.1970) (considering a fiduciary's self-dealing and the equitable remedy allowing return of the original assets and disgorgement of any profit gained from those assets), aff'd, 447 F.2d 1373 (5th Cir. 1971). Although R.E.R. alleges specific economic loss in his affidavit, he cannot be compensated because those losses do not stem from an original equitable claim. While legal damages may be awarded as an incident to an equitable action, courts generally decline to order legal damages unless they supplement the granting of equitable relief. Leach v. Leach, 167 Minn. 489, 493, 209 N.W. 636, 638 (1926); see also United States v. Martinson, 809 F.2d 1364, 1367-68 (9th Cir.1987) (stating a court, once it assumes equitable *31 jurisdiction, may award damages incident to the complaint; thus the government could not prevent the trial court from maintaining jurisdiction simply by destroying the subject matter of a motion for the return of property); Parks v. Pavkovic, 753 F.2d 1397, 1408 (7th Cir.) (acknowledging a court of equity may order some monetary relief when it is ancillary to an equitable judgment); cert. denied, 473 U.S. 906, 105 S.Ct. 3529, 87 L.Ed.2d 653 and cert. denied, 474 U.S. 918, 106 S.Ct. 246, 88 L.Ed.2d 255 (1985). Thus, R.E.R. may not recover damages for emotional distress and economic losses because the remedies he seeks are not equitable in nature. See Kohler, 442 N.W.2d at 172 (denying a claim for emotional distress damages because only equitable relief is allowed for a trustee's breach of a fiduciary duty); cf. Carstens v. Central Nat'l Bank & Trust Co., 461 N.W.2d 331, 333-34 (Iowa 1990) (distinguishing equitable and legal causes of action and denying a jury trial when trust beneficiaries had not yet suffered an injury warranting legal, rather than equitable, relief). R.E.R. cannot circumvent this rule simply by alleging an equitable claim for the breach of a fiduciary duty. See Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518-19 (11th Cir.1994) (noting a complaint seeking recovery of only monetary damages does not fall within equity jurisdiction even if the cause of action sounds in equity), cert. denied, ___ U.S. ___, 115 S.Ct. 1092, 130 L.Ed.2d 1061 (1995).
Our holding does not eviscerate all types of actions involving fiduciary relationships between a minister and parishioner. See, e.g., Adams v. Moore, 96 N.C.App. 359, 385 S.E.2d 799, 800-01 (1989) (vacating an order dismissing an action alleging two ministers breached their fiduciary duties by purchasing the deed to a parishioner's house for a minimal amount, under the guise of assuring her mortgage payments would be made, and selling it two months later for a large profit), review denied, 326 N.C. 46, 389 S.E.2d 83 (1990). Damages for inappropriate benefit could be proper under a breach of fiduciary duty theory. See Restatement (Second) of Torts § 927 cmt. j (noting a beneficiary may recover any financial gains made by the fiduciary).

DECISION
We decline to expand the remedies available for the breach of a fiduciary duty to include emotional distress and any resulting monetary damages. Although the abolition of actions for alienation of affections may not directly prohibit a suit for the breach of a fiduciary duty, summary judgment was proper in this case because R.E.R.'s claimed damages are not appropriate remedies for his equitable claims.
Affirmed.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.
[1] In its order, the trial court noted that its decision also precluded any claims against the church and, therefore, dismissed the action in its entirety.