**SHEPHERD OF THE VALLEY LUTHERAN CHURCH OF HASTINGS, a Minnesota Non Profit Corporation, Respondent,**

**v.**

**HOPE LUTHERAN CHURCH OF HASTINGS, Minnesota, a Minnesota Non Profit Corporation, and Greg Collins, Appellants.**

**No. C3–00–1518.**

Court of Appeals of Minnesota.

May 8, 2001.

Kathy S. Kimmel, Tim Nolan, Eric Magnuson, Rider, Bennett, Egan & Arundel, L.L.P., Minneapolis, MN, for respondent.

George L. May, May Law Offices, Hastings, MN, for appellants.

Considered and decided by TOUSSAINT, Chief Judge, SHUMAKER, Judge, and PORITSKY, Judge.*

## OPINION

TOUSSAINT, Chief Judge

This lawsuit arises out of an intra-congregational dispute that resulted in the congregation of Shepherd of the Valley Lutheran Church (SOTV) voting to separate; the creation of a new church, Hope Lutheran Church (Hope); and SOTV's congregation voting to transfer SOTV's church property to Hope.

SOTV filed suit alleging that it had suffered damages as a result of a breach of fiduciary duty by its former vice president and the current president of Hope, Gregory Collins. A jury found that Collins had breached his fiduciary duty to SOTV and awarded SOTV monetary and equitable relief. Because the jury's verdict, affirmed by the trial court in its original and amended findings of fact, and conclusions of law is supported by evidence in the record, we affirm. However, we reverse and remand as to the trial court's summary denial of SOTV's taxable costs and disbursements.

## FACTS

Shepherd of the Valley Lutheran Church (SOTV) was founded in 1985 and is a member of the Lutheran Church, Missouri Synod (LCMS). Congregations which affiliate themselves with LCMS agree to accept the doctrinal positions, constitution, bylaws, and resolutions of LCMS.

SOTV, as a member of LCMS, is served by a called pastor, who may be terminated only for specific reasons. In August 1997, Reverend Bruce King became SOTV's called pastor. As a part of his duties, King conducted communion. According to LCMS, King was required to allow only those who were members of LCMS to participate in communion. King's refusal to allow non-LCMS members to participate in communion became a point of contention that eventually led to a division in the congregation.

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

In the spring of 1998, the vice president of SOTV, Gregory Collins, sought the termination of King. The board of elders unanimously determined that there was no basis to remove King. Collins's attempts to remove King continued—a severance package was offered to King, which he refused; an unsuccessful motion proposed reduction of King's salary to $0; and another unsuccessful motion proposed the amendment of the termination provisions in SOTV's constitution relating to called pastors.

Following these unsuccessful attempts to remove King, Collins and his supporters discontinued patronage and financial support of SOTV. Collins began organizing meetings that consisted of only those members of the SOTV congregation who opposed King. This group became known as the Hope faction.

Collins, leading the Hope faction, reviewed the provisions of the SOTV constitution. SOTV's constitution provides that:

If, at any time, a separation should take place within this congregation * * * [and] a division into factions of the congregation shall occur because of doctrinal issues, the property of the congregation and all benefits therewith connected shall remain with those members who adhere in confession and practice [of LCMS].

If division takes place for non-doctrinal reasons, the property shall remain with the majority of the communicant members.

After reviewing the SOTV constitution, Collins and other members of Hope faction laid the groundwork for the creation of Hope Lutheran Church by drafting the articles of incorporation, a constitution, and bylaws. Collins designated himself as president of Hope. Collins also met with an attorney to prepare a warranty deed conveying the church property located at 1450 West Fourth Street, Hastings, MN from SOTV to Hope.

Throughout this time period, Collins retained his position as vice president of SOTV. Collins did not inform other SOTV officers, or the general congregation, of his plans to seek separation and his efforts to form a new church. Collins also encouraged members of the Hope faction to remain quiet about their activities.

On November 13, 1998, Collins informed the president of SOTV, Al Johnson, that he intended to seek separation of the congregation at the annual meeting that was to be held on November 15, 1998. At the annual meeting, a motion to separate was put before the congregation. A majority of those present at the meeting voted to separate based on non-doctrinal reasons and to transfer SOTV's real estate and personal property (church property) to Hope without any payment of money or consideration to SOTV.

Following the annual meeting, Collins changed the locks on the SOTV sanctuary and informed the SOTV faction that they would not be welcome. On November 19, 1998, Collins executed a warranty deed, signing as the vice president of SOTV. Since November 1998, Hope has operated at 1450 West Fourth Street in Hastings. SOTV, on the other hand, has been worshipping in members' homes and rented space.

SOTV subsequently filed suit, alleging a breach of fiduciary duty by Collins. SOTV sought, as remedies for the breach of fiduciary duty, monetary damages from Collins and equitable relief in the form of the return of the church property. After hearing the evidence, the jury, by special verdict, found that (1) Collins had breached his fiduciary duty owed to SOTV, for which he was liable in the amount of $7,782.99; and (2) SOTV had a present right to possess the church property,

thereby, ejecting Hope from the church property.

The trial court subsequently issued findings of fact, conclusions of law, additional and amended findings of fact, and denied judgment notwithstanding verdict (JNOV) motions by both parties. The trial court affirmed the jury verdict, awarding respondents equitable relief in the form of the return of the church property, plus monetary relief in the amount of $7,782.99 as compensation for Collins's breach of fiduciary duty. This appeal followed.

## ISSUES

I. Whether the record supports a finding that Gregory Collins, the former vice president of Shepherd of the Valley Lutheran Church (SOTV), breached a fiduciary duty owed to SOTV, entitling SOTV to monetary and equitable relief?

II. Whether SOTV, as the prevailing party, is entitled to taxable costs and disbursements?

## ANALYSIS

### I.

■ The underlying issue that gave rise to this lawsuit involves a doctrinal dispute amongst the congregation of SOTV. However, a court can apply neutral principles of law in resolving church property disputes so long as it does not determine disputes by examining the basis of the religious doctrine. *Jones v. Wolf,* 443 U.S. 595, 601–605, 99 S.Ct. 3020, 3024–3026, 61 L.Ed.2d 775 (1979); *Piletich v. Deretich,* 328 N.W.2d 696, 701 (Minn.1982). Because it is not necessary for us to examine the religious doctrine underlying this lawsuit, we may resolve the property dispute between SOTV and Hope Lutheran Church by applying neutral principles of law.

■ Appellants argue that the trial court erred when, based on the special verdict rendered by the jury, it ordered judgment in favor of SOTV and awarded equitable and monetary relief for the breach of fiduciary duty by Collins. It is the responsibility of a trial court to interpret a jury's special verdict and harmonize the jury's responses where possible. *Bartosch v. Lewison,* 413 N.W.2d 530, 532 (Minn.App.1987). The court "must consider the evidence in a light most favorable to the verdict and sustain that verdict if possible, on any reasonable theory of evidence." *Dang v. St. Paul Ramsey Med. Ctr.,* 490 N.W.2d 653, 659 (Minn.App.1992), *review denied* (Minn. Dec. 15, 1992) (citation omitted). Where there is a reasonable theory to reconcile the verdict, we will not disturb a trial court's decision to uphold the verdict. *Tsudek v. Target Stores, Inc.,* 414 N.W.2d 466, 470 (Minn.App.1987), *review denied* (Minn. Dec. 13, 1987).

By special verdict the jury found that (1) SOTV had a present right to the church property located at 1450 West 4th Street, Hastings, Minnesota; (2) SOTV was the proper owner of the church property; (3) Collins breached his fiduciary duty to SOTV; (4) SOTV suffered damages or losses which were caused by the breach of fiduciary duty by Collins; and (5) $7,752.99 would fairly and adequately compensate SOTV for the breach of fiduciary duty by Collins. Based on the jury's verdict, the trial court awarded SOTV both monetary damages and the right, title, and interest in the church property on the theory that SOTV was entitled to monetary and equitable relief as the result of Collins's breach of his fiduciary duty.

Appellants specifically argue (1) that the finding of breach of fiduciary duty by Collins is not supported by the weight of the evidence; and (2) that a finding of breach

of a fiduciary duty does not support the award of monetary and equitable relief.

### A. Fiduciary Duty

■ An officer of a nonprofit corporation owes a fiduciary duty to that corporation to act in good faith, with honesty in fact, with loyalty, in the best interests of the corporation, and with the care of an ordinary, prudent person under similar circumstances. Minn.Stat. § 317A.361 (2000); see also Miller v. Miller, 301 Minn. 207, 219, 222 N.W.2d 71, 78 (1974) (recognizing the common law principle that officers of a corporation occupy a fiduciary relationship with the corporation); Wenzel v. Mathies, 542 N.W.2d 634, 641 (Minn. App.1996) (same), review denied (Minn. Mar. 28, 1996). In order to establish a breach of fiduciary duty claim, a plaintiff must show that

> the action attacked is so far opposed to the true interests of the corporation as to lead to the clear inference that no officer thus acting could have been influenced by an honest desire to secure such interests.

Westgor v. Grimm, 318 N.W.2d 56, 59 (Minn.1982) (quoting Warner v. E.C. Warner Co., 226 Minn. 565, 573, 33 N.W.2d 721, 726 (1948)).

■ Collins concedes that as an officer of SOTV he owed a fiduciary duty to SOTV; but Collins argues that the evidence does not support a finding that he breached his fiduciary duty because his actions were consistent with the wishes of the SOTV members who made up the Hope faction.

Contrary to Collins's argument, as the bearer of a fiduciary duty, the law imposed on Collins the highest standard of integrity in his dealings with the other officers of SOTV and the entire SOTV congregation, not just those who were members of the Hope faction. See Wenzel, 542 N.W.2d at 640 (holding that a fiduciary duty is owed to all persons who have equal interests and concerns in the corporation and are subject to harm). Therefore, Collins's actions must be viewed in light of the fact that as an officer of SOTV his fiduciary duty prevented him from assuming positions, and taking actions, that conflicted with the interests of SOTV and the congregation as a whole.

■ Reviewing the evidence presented to the jury in the light most favorable to the verdict, there is sufficient evidence in the record to establish that Collins breached his fiduciary duty to SOTV. Collins admitted that while he was vice president of SOTV, he organized the Hope faction for the purpose of forming another church to directly compete with SOTV. Further, the formation of a new church was intended to be a method of circumventing the LCMS termination provisions governing King's pastoral services.

To achieve his goals, Collins held secret meetings and continuously encouraged secrecy among the Hope faction. Collins did not inform other SOTV officials and members of the SOTV faction of his plans to form Hope, separate from SOTV, and transfer the church property from SOTV to Hope without compensation. In fact, when Collins was asked on cross-examination, "[y]ou kept information from [SOTV's president] of a material nature, didn't you?"; Collins testified, "[y]es, I did." Holding secret meetings and advance preparation of legal documents is improper conduct by an officer, amounting to a breach of fiduciary duty. Evans v. Blesi, 345 N.W.2d 775, 779–80 (Minn.App.1984), review denied (Minn. June 12, 1984). Based on Collins's own testimony, we cannot say that the jury's verdict or the trial court's amended order finding that Collins

breached his fiduciary duty to SOTV was unsupported by the evidence.

Moreover, Collins is not protected by the immunity provision of the Minnesota Nonprofit Corporation Act (MNCA), Minn.Stat. § 317A.257 (2000). The MNCA provides immunity from civil liability to unpaid directors of nonprofit organizations if the director (1) acts in good faith; (2) within the scope of his responsibilities as a director; and (3) does not commit reckless or willful misconduct. *Id.*, subd. 1; *Rehn v. Fischley*, 557 N.W.2d 328, 333 (Minn.1997). The party relying upon the immunity bears the burden of proving he or she fits within the scope of the immunity. *Rehn*, 557 N.W.2d at 333.

Appellants argue, in their reply brief, that the jury instructions were improper because they failed to inform the jury of the fact that Collins is immune from a breach of fiduciary duty claim. This argument fails outright for two reasons: (1) issues not raised or argued in an appellant's brief cannot be revived in a reply brief, *McIntire v. State*, 458 N.W.2d 714, 717 n. 2 (Minn.App.1990), *review denied* (Minn. Sept. 28, 1990); and (2) immunity is not an issue for the jury, but a legal question to be decided by the court in the first instance. *Rehn*, 557 N.W.2d at 331–333.

Further, Collins is not entitled to statutory immunity because his actions in bringing about the separation of the congregation and the transfer of the church property constituted "willful or reckless misconduct." It is misconduct for an officer to withhold material information from other officers and members of the corporation. *Appletree Square I Ltd. P'ship v. Investmark, Inc.*, 494 N.W.2d 889, 892 (Minn.App.1993), *review denied* (Minn. Mar. 16, 1993). Because Collins testified that he intentionally withheld material in-

formation from other SOTV officials and certain members of the SOTV congregation, Collins's actions constituted willful misconduct. *See* Black's Law Dictionary 1014 (7th ed.) 1999 (stating that the term willful misconduct is commonly understood as intentional misconduct); *cf. Maras v. City of Brainerd*, 502 N.W.2d 69, 76 (Minn. App.1993), *review denied* (Minn. Aug. 16, 1993) (denying official immunity to a police officer because officer's actions met the willful conduct exception where evidence established that he acted intentionally). Accordingly, the trial court did not err in determining that Collins was not entitled to the statutory immunity under the MNCA.

### B. *Relief for Breach of a Fiduciary Duty*

Appellants argue that it was error for the trial court to award SOTV the church property as a remedy for Collins's breach of fiduciary duty. However, a claim of breach of fiduciary duty is an equitable claim. Minn.Stat. § 317A.467 (2000); *R.E.R. v. J.G.*, 552 N.W.2d 27, 30 (Minn.App.1996). Thus, the trial court was presented with a reasonable theory by which it could vest the right, title, and interest in the church property in favor of SOTV.

Further, it was within the trial court's discretion to return the church property to SOTV. The purpose of fashioning an equitable remedy is to restore the injured party to the position it occupied before the breach of fiduciary duty. *R.E.R.*, 552 N.W.2d at 30. The fashioning of an equitable remedy is committed to the sound discretion of the trial court. *Nadeau v. County of Ramsey*, 277 N.W.2d 520, 524 (Minn.1979).

Prior to Collins's breach of his fiduciary duty, SOTV had a right, title, and interest in the church property. By awarding

SOTV the church property, SOTV was returned to the position it occupied before the breach of fiduciary duty. *See Wright v. Wright,* 311 N.W.2d 484, 485 (Minn. 1981) (holding that if legal title to property is obtained through a breach of fiduciary relationship, a constructive trust arises in favor of the person equitably entitled to the property). Therefore, we will not disturb the trial court's order awarding SOTV the church property as equitable appropriate relief for the breach of fiduciary duty by Collins.

 Appellants also argue that the trial court erred when it awarded SOTV an additional $7,782.99 as monetary damages. Monetary damages may supplement a grant of equitable relief. *R.E.R.,* 552 N.W.2d at 30 (citing *Leach v. Leach,* 167 Minn. 489, 493, 209 N.W. 636, 638 (1926)). SOTV presented evidence that it suffered out-of-pocket expenses of $7,782.99 as a result of the breakup of the church. Appellants do not argue, nor do they provide any evidence that contradicts this amount. Because the trial court, which adopted the jury's findings, did not reach a conclusion contrary to evidence in the record, we will not disturb the trial court's award of monetary damages. *See Highview N. Apartments v. County of Ramsey,* 323 N.W.2d 65, 73 (Minn.1982) (reviewing courts must sustain damages if they are within the limits of credible estimates presented at trial).

## II.

 In its cross-appeal, SOTV argues that the trial court erred when it failed to award its taxable costs and disbursements. The trial court has discretion in determining a party's reasonable expenses. *Green–Glo Turf Farms, Inc. v. State,* 347 N.W.2d 491, 495 (Minn.1984). Pursuant to Minn.Stat. § 549.02 (2000), costs and disbursements are available to the prevailing party in all cases in district court. The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered. *Borchert v. Maloney,* 581 N.W.2d 838, 840 (Minn.1998). The trial court does not have the power to deny costs and disbursements to the prevailing party. *Quade & Sons Refrigeration, Inc. v. Minnesota Mining & Mfg., Co.,* 510 N.W.2d 256, 260 (Minn. App.1994), *review denied* (Minn. Mar. 15, 1994).

SOTV is the prevailing party because the jury found SOTV had suffered an injury as a result of Collins's actions and awarded SOTV both monetary and equitable relief. *See Kusniryk v. Arrowhead Reg'l Corr. Bd.,* 413 N.W.2d 182, 184 (Minn.App.1987) (sustaining trial court's determination that plaintiff who was found equally negligent as defendant but was awarded damages by jury was prevailing party under section 549.04). The district court, however, summarily denied SOTV's motion for taxable costs and disbursements. Because SOTV is the prevailing party, the trial court abused its discretion when it denied costs and disbursements. Therefore, we reverse and remand for determination of respondent's taxable costs and disbursements.

## DECISION

The trial court did not error in harmonizing the jury's special verdict answers to award SOTV monetary and equitable relief based on the theory that Collins breached a fiduciary duty owed to SOTV. The trial court, however, erred in summarily denying SOTV's claim for taxable costs and disbursements.

**Affirmed in part, reversed in part, and remanded.**