**In re the Marriage of Shirley Ann MUELLER, petitioner, Appellant,**

v.

**Dale A. MUELLER, Respondent.**

No. C0-87-1849

Court of Appeals of Minnesota.

March 8, 1988.

Dennis D. Daly, Jr., St. Paul, for petitioner-appellant.

Philip K. Artz, Kathleen Worner Kissoon, Bloomington, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

SEDGWICK, Judge.

The family court referee increased respondent's child support obligation, on motion for modification, from $888 to $1079, the guidelines amount, based on respondent's increase in income. Appellant

moved for an upward deviation contending the children were entitled to the benefits of their father's standard of living and her increased needs due to cessation of maintenance and incurring large medical bills and orthodontic needs for the parties' two minor children. We reverse and remand for findings.

## FACTS

The parties were divorced March 30, 1984 after a 16–year marriage. They have two minor children, Chissey, presently age 12, and Eunice, now age 15. The decree set support at $850 per month. Respondent voluntarily added a cost of living increase and paid $880. His monthly net income was, at the time of the decree, $2850. Appellant was a homemaker, and had started her own business at the time of the decree. The decree provided $500 per month maintenance for two years, ending April 1, 1986.

In 1986 appellant grossed $11,794.88 per year working for Bolt Paint, plus $3000 per year from rental land in North Dakota.

Appellant sold the homestead because she could not make the payments once maintenance ceased. Respondent was paid his $35,771.61 lien, appellant received $40,-000, with which she purchased a smaller home which cost $90,000. She could not qualify for a mortgage and her mother loaned her $50,000 in return for joint tenancy in the home. Appellant has no house payment.

In March 1984, appellant's monthly expenses were $3,133.41. When appellant moved for an increase in child support, she alleged monthly expenses of $3,817.62, excluding $138 per month for medical insurance on herself and the children.

Appellant is obligated on a $4000 copayment for Eunice's hospitalization. The total bill was $20,000, the balance was covered by respondent's medical insurance. Appellant submitted letters showing that both of the children need orthodontia and that Eunice needs additional treatment related to her hospitalization at a cost of $150 per week.

Respondent's affidavit indicated present monthly net income as an engineer for Honeywell of $3,596.70 and monthly expenses of $3,499, including $767 for savings. The parties stipulated respondent had experienced a substantial increase in earnings, which made the terms of the decree unreasonable and unfair. Respondent agreed to pay guidelines support of $1079.

Appellant asked for an upward deviation claiming her income decreased by $500 per month when respondent's maintenance obligation ceased, and respondent's income increased by that amount. She alleged increased need on this basis, as well as on the basis of the children's medical and dental expenses. She claimed that since respondent had more money than he needed, he should give more for the children's support. The trial court found no legal basis for an upward deviation.

The court granted respondent's request to impose the first cost of living adjustment in May 1989, and ordered each party to pay one-half of the unreimbursed orthodontic expenses. The court did not address the issue of Eunice's health care.

On a Minn.R.Civ.P. 53 motion to the trial court, appellant claimed, and the record confirms, that the referee failed to make findings on respondent's needs and expenses; petitioners income and expenses; Eunice's special medical needs; and that the court failed to consider the standard of living the children would have enjoyed had the marriage not been dissolved. The trial court judge found the referee's order to be "correct."

## ISSUE

Did the trial court err by denying appellant's motion for an upward modification?

## ANALYSIS

Appellant argues that the trial court failed to make the necessary findings required by *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986). The referee made find-

ings on respondent's net income, but not on any of the other factors to be considered in setting child support, as required by Minn. Stat. § 518.551, subd. 5 (1986). It did not address the parties' needs or their ability to meet them. This is an error of law under *Moylan* and its progeny.

The trial court did not address unrefuted evidence that Eunice is in need of additional treatment. The court ordered appellant to pay one-half of orthodontia costs without findings as to her needs and the children's needs and the order lacks any basis to determine whether she had the funds to make the payments.

Respondent argued, and the trial court found, that appellant has access to her parents' money and could live an affluent lifestyle, as witnessed by appellant's mother buying an interest in appellant's home. This does not relieve a court of making findings on the relative ability of the parents to provide for needed medical and dental care for their children.

The trial court did not respond to appellant's offer to cover the children herself through a Share Plan which offers 100% coverage and would apparently include Eunice's additional treatment. (Respondent now covers the children, but his plan does not pay 100% of the costs, leaving appellant with copayments she states she cannot pay.) She argued that respondent deducts from his gross income the amount he pays for medical insurance. If she were to provide the insurance, additional net income would be available from which respondent could pay increased child support, and appellant could ease her financial burden of paying unreimbursed medical expenses. (Respondent apparently deducts $2868 annually, or $239 per month, for hospitalization insurance to arrive at his net income figure.) The cost of appellant's Share Plan is $138 per month. Minn.Stat. § 518.171 (1986) also requires findings to show that appellant's request does or does not give more coverage to the children for less cost.

The referee's order provides that respondent will continue to pay medical insurance premiums until such insurance is no longer available to him at work. At that point, appellant would provide coverage, with reimbursement by respondent for the premium. No findings were made as required.

Appellant argues the trial court failed to apply the guidelines because it allowed respondent to deduct $2000 for an Individual Retirement Account even though respondent receives a pension through his employment. She contends this is an incorrect deduction from gross income, and is not even a tax free deduction under I.R.C. § 219(g) (1986). The trial court did not make findings on the issue of whether the second pension was reasonable in light of the parties' and children's respective needs.

Appellant's request for attorney fees was denied by the trial court without any finding that she was able to pay for needed attorney services. *See* Minn.Stat. § 518.14 (1986).

## DECISION

We remand this matter for findings consistent with *Moylan*, the child support modification statutes, and this opinion.

Reversed and remanded.

RANDALL, J., dissents.

RANDALL, Judge, dissenting.

I respectfully dissent. I would have affirmed the trial court. The issue is the denial of an obligee's motion for an upward deviation from the child support guidelines. Thus, an appellate court on review is faced with an extremely limited opportunity to reverse or modify. When a trial court in a dissolution action denies a motion to deviate upward or downward and applies the child support guidelines figure, it is entitled to a presumption of correctness, and should only be reversed when a clear abuse of discretion is present. *See Martin v. Martin*, 364 N.W.2d 475, 478 (Minn.Ct.App. 1985).

Briefly, respondent's income rose by an amount that he agreed constituted enough

of an increase to legally justify modification. Respondent volunteered to pay the amount needed to bring his obligation up to current guidelines level. Appellant refused the offer and presented to the court her evidence supporting an upward deviation. A trial court judge approved the referee's order calling for guidelines support, and on a Rule 53 motion,[1] a second trial court judge reviewed the matter and affirmed the referee's order.

Each party presented evidence as to income and expenses. The findings are not perfect, and could be more detailed. However, the record supports the reasonable conclusion that each side had an opportunity to present its evidence, and the trial court was cognizant of and considered each party's claims when it made its final decision.

In conformity with the child support guidelines, the trial court increased child support by the substantial amount of $229 a month. Given the wide discretion afforded trial courts in these matters, I would have affirmed.