In re the Marriage of Marlys Janieve
BUNTJE, petitioner, Appellant,

v.

David Ervin BUNTJE, Respondent.

No. C2-93-1697.

Court of Appeals of Minnesota.

Feb. 1, 1994.

480

Robert V. Dalager, Fluegel, Helseth, McLaughlin, Anderson & Brutlag, Ch., Morris, for appellant.

Charles C. Glasrud, Martin, Nelson & Glasrud, P.A., Morris, for respondent.

Considered and decided by DAVIES, P.J., and KALITOWSKI and FLEMING,* JJ.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

## OPINION

DAVIES, Judge.

Upon dissolving the parties' marriage, the trial court awarded them joint legal and physical custody of their 13–year–old son and required neither to pay child support. The son later expressed his wish to live with respondent father. Appellant mother agreed during mediation to this custody change, but refused to agree to pay child support. Respondent moved to have the original decree modified to award him sole physical custody and to order child support. The court granted respondent's motion and directed appellant to pay $352 per month in child support beginning eight months prior to respondent's motion. We modify and affirm.

## FACTS

On June 9, 1989, when the parties' marriage was dissolved, the court directed that the parties return to mediation in the event either sought modification of the decree. Thus, in October 1992, when the son signed an affidavit indicating he wanted to live with father "full-time," the parties entered into mediation. They agreed that their son, then 16 years old, could reside primarily with father, but disagreed as to whether mother should be required to pay child support. On April 29, 1993, after mediation on this question failed, father served mother with a motion to modify the original decree to award child support from mother.

After trial, the court found, and neither party contests, that mother's net monthly income is $1,559.86 and her expenses are $1,066.18. The court made no finding as to father's income and expenses, but did find that mother testified that father earns in excess of $25,000 annually.

On July 9, 1993, the court awarded father sole physical custody and, pursuant to statutory child support guidelines, directed mother to pay $352 support per month. It made the child support obligation retroactive to November 1, 1992, when mediation began.

pointment pursuant to Minn. Const. art. VI, § 10.

Mother appeals the court's determination as to child support.

## ISSUES

I. Did the trial court err by modifying a child support award because of a change in physical custody?

II. Did the trial court err by not departing downward from the child support guidelines in calculating the modified support award?

III. Did the trial court err by making the modified support award retroactive to include a period before respondent served notice of the modification motion?

## ANALYSIS

■ Trial courts have broad discretion in determining child support. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.App.1984). This court will not disturb the trial court's support determination if it has a reasonable and acceptable basis in fact. *Bennyhoff v. Bennyhoff,* 406 N.W.2d 92, 93 (Minn.App.1987).

## I.

■ Upon a motion to modify a child support award, a court must first determine whether a change of circumstances justifies modification of the existing award. Minn. Stat. § 518.64, subd. 2(a) (1992). If modification is justified, the court should apply the statutory child support guidelines. Minn. Stat. § 518.64, subd. 2(b) (1992).

Minnesota permits modification of child support upon a showing of:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party or the child * * *; (3) receipt of assistance * * *; or (4) a change in the cost of living for either party * * *, any of which makes the terms [of the original order] unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (1992).

■ Mother argues that father did not demonstrate any of the statutory grounds supporting a change. But a change in physical custody is normally a change of circum-

stances that makes an original support order unreasonable and unfair. *Gerardy v. Gerardy,* 406 N.W.2d 10, 13 (Minn.App.1987). Accordingly, we find the trial court did not abuse its discretion by modifying the original support order.

## II.

The [child support] guidelines in this subdivision are a rebuttable presumption and shall be used in all cases when establishing or modifying child support.

Minn.Stat. § 518.551, subd. 5(h) (1992).

■ Because the presumption is to follow the guidelines, the party who requests departure should provide evidence regarding the parties' financial situations, the child's needs, and the standard of living to which the child is entitled that would justify departure. Minn.Stat. § 518.551, subd. 5(b) (1992).

■ Mother testified that the parties' incomes were approximately equal, that her son had a job and a possible employment opportunity, and that her son's standard of living had not changed since he moved in with respondent. Mother concludes that, based on this testimony, the court abused its discretion by following the child support guidelines.

Mother does not demonstrate, however, that the trial court's determination had no reasonable or acceptable basis in fact. She provided no corroborating evidence, and made no argument as to why the court's determination was unreasonable. Thus, we hold that the court did not abuse its discretion by applying the statutory child support guidelines.[1]

The findings were sufficient to support application of the guidelines.

## III.

■ The court ordered the modification of support retroactive to November 1, 1992, the date mediation began.

A modification of support * * * may be made retroactive only with respect to any period during which the petitioning party

---

1. We note that a child's nominal earnings have    little relevance to a parent's support obligation.

has pending a motion for modification but only from the date of service of notice of the motion on the responding party.[2] Minn.Stat. § 518.64, subd. 2(c) (1992).

Mother, relying on this provision, argues that because she was not served with notice of the modification motion until April 29, 1993, the court erred by making the support modification retroactive for a period before that date.

Father reasons, however, that requesting mandatory mediation was the functional equivalent of serving notice of a motion to modify. He argues that encouraging mediation in family law matters is a strong state policy that would be undermined by requiring strict adherence to the statute. Father contends that preventing retroactive support punishes him for stipulating to a mediation clause in his dissolution decree and further contravenes the state's policy encouraging mediation.

Father makes compelling policy arguments. But the statute's explicit language prohibits awarding retroactive support for periods before notice of a modification motion has been served. *See* Minn.Stat. § 645.16 (1992) (where a statute's application to an existing circumstance is clear, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit"). And father could have avoided the problem had he served the modification motion with a request that it be held in abeyance pending the parties' mediation efforts. Proceeding in that manner would have complied with the statutory requirement without undermining the state's policy promoting mediation. Pursuant to the statute, we modify the trial court award to make child support retroactive only to April 29, 1993, the date father served notice of the modification motion on mother.

### DECISION

The trial court properly found that change of physical custody is a change of circumstances that, by rendering the parties' origi-

nal child support order unfair, justified modifying that order. In modifying the order, the court did not abuse its discretion by declining to depart downward from the child support guidelines, but the court did abuse its discretion by awarding support retroactive to a time prior to respondent's service on appellant of the notice of modification order.

**Affirmed as modified.**

---

2. The statute continues:

However, modification may be applied to an earlier period if the court makes express findings that the party seeking modification was precluded from serving a motion by reason of a significant physical or mental disability, a material misrepresentation of another party, or fraud upon the court and that the party seeking modification, when no longer precluded, promptly served a motion.