Tracy J. ROULAND, n/k/a Tracy J. Powell, and County of Clearwater, Petitioners, Respondents,

v.

Brady Todd THORSON, Appellant.

No. C6–95–1237.

Court of Appeals of Minnesota.

Jan. 30, 1996.

Tracy J. Powell, Bemidji, Pro Se.

Kip O. Fontaine, Clearwater County Attorney, Bagley, for respondents.

Michael R. Ruffenach, Bemidji, for appellant.

Considered and decided by LANSING, P.J., and PARKER and NORTON, JJ.

## OPINION

NORTON, Judge.

Father appeals from an order increasing his child support obligation. He contends the administrative law judge (ALJ) committed reversible error when he increased support without a finding regarding the children's needs. Father also challenges the ALJ's use of four dependency exemptions to calculate father's current net income, and the ALJ's treatment of old tax debt as a personal debt for purposes of calculating father's support obligation. We affirm.

## FACTS

Appellant Brady Todd Thorson (father) is the natural father of two minor children of the parties. Pursuant to a 1987 paternity judgment, respondent Tracy J. Powell (mother) has sole physical custody of the two children. The judgment directed father to pay $529 per month in child support during May

through December and $229 per month January through April. In 1988, father moved to reduce support; the court reduced father's support obligation to $81 per month. In 1993, 1994, and 1995, mother filed a series of motions to increase child support, which resulted in modification of father's support obligation on three occasions.

The prior support order at issue here provided variable support of $411 per month from May through October and $166 per month from November through April. At the time of that order, father earned $1,717 gross per month seasonally (May through October) and collected reemployment insurance benefits during the winter months.

In December 1994, father obtained year-round, full-time, permanent employment with the State of Minnesota Department of Transportation. He now earns $2,274 gross per month.

Mother moved for an increase in child support based on father's substantial increase in income. Father then moved to decrease child support based on his receipt of notice of a tax levy for federal tax debts and penalties of $3,348.99 for the years 1986, 1987, 1989, and 1990 and for approximately $1,300 of state tax debts for the same years. Father provided a second affidavit with a typed list of taxes due for 1992 through 1994, but father's testimony is the only evidence of these later tax debts.

After an evidentiary hearing, the ALJ issued an order increasing father's child support obligation to $500 per month based upon the following calculation of father's net monthly income:

| | |
|---|---|
| gross monthly income | $2,274.00 |
| less: | |
| federal and state income tax (4 exemptions) and medicare and SSI | 377.00 |
| pension | 91.00 |
| union dues | 22.00 |
| dependent health coverage | 64.00 |
| -individual health coverage | 52.00 |
| net monthly income | $1,668.00 |
| guideline factor | x30% |
| monthly child support | $500.00 |

Father is married and has two stepchildren. Mother submitted evidence that father has historically claimed at least four exemptions on his income taxes and that he claimed as many as six exemptions on his W-4 form in 1994.

## ISSUES

1. Did the ALJ err when he increased appellant's child support obligation without making a finding regarding the needs of the children?

2. Did the ALJ err when he determined that appellant's old income tax debt was a personal debt for purposes of calculating child support?

3. Did the ALJ err in using tax exemptions for appellant's new wife and her children to determine appellant's net income?

## ANALYSIS

■ Modification of child support is within the district court's discretion and we will not reverse that decision absent an abuse of discretion. *Hennessy v. Stelton*, 302 Minn. 550, 550, 224 N.W.2d 926, 927 (1974); *Kuronen v. Kuronen*, 499 N.W.2d 51, 53 (Minn.App. 1993), *review denied* (Minn. June 22, 1993). This standard also applies to our review of the ALJ's order here. *Lee v. Lee*, 459 N.W.2d 365, 368–69 (Minn.App.1990), *review denied* (Minn. Oct. 18, 1990); *see* Minn.Stat. § 518.5511, subd. 4(h) (1994) (decision of ALJ "is appealable to the court of appeals in the same manner as a decision of the district court").

### 1. Finding of need.

Father argues that we must reverse the ALJ's modification of child support because the ALJ failed to make findings regarding the needs of mother and the children. He claims that a lack of findings on the needs of the children requires a remand under *Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn. 1986). In *Moylan*, the supreme court held that Minn.Stat. § 518.64 required the court to make express findings on statutory factors, including needs of the children, before it may order a modification of child support. *Id.* at 864–65. But the law has changed since *Moylan*.

■ Under post-*Moylan* amendments to the modification statute, section 518.64 contains a presumption that a substantial change in circumstances has occurred, and establishes a rebuttable presumption that a current support order is unreasonable and unfair

> if the application of the child support guidelines in section 518.551, subdivision 5, to the current circumstances of the parties results in a calculated court order that is at least 20 percent and at least $50 per month higher or lower than the current support order.

Minn.Stat. § 518.64, subd. 2(a) (1994). Here, the increase in father's net income resulted in guidelines support exceeding the existing order by more than 20% and $50 per month; the statutory threshold is satisfied, causing the presumption that his children's needs have substantially increased.

Further, under post-*Moylan* amendments to the guidelines statute, the court need only make findings on the obligor's income and other factors "affecting" the support determination. Minn.Stat. § 518.551, subd. 5(i) (1994). Thus, the court need not make findings regarding the children's needs if those needs do not affect the court's decision. The statute directs that the guidelines "are a rebuttable presumption and shall be used in all cases when establishing or modifying child support." *Id.* Applying the amended statute, we have held:

> Because the presumption is to follow the guidelines, the party who requests departure should provide evidence regarding the parties' financial situations, the child's needs, and the standard of living to which the child is entitled that would justify departure.

*Buntje v. Buntje,* 511 N.W.2d 479, 481 (Minn. App.1994).

■ The ALJ ordered guidelines child support based upon father's current income. Thus, father had the burden to raise an issue regarding the children's needs to obtain a downward deviation from the guidelines. *Id.* But father sought a downward deviation from the guidelines based only on a claim regarding his tax debt. He did not raise an issue to the ALJ regarding the child's needs. This court will not consider issues that the court below has not first considered and decided. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988).[1]

■ Finally, there is no merit to father's argument that there may be no modification in a non-public assistance case without a showing of need. The guidelines apply to parentage cases, as is the situation here, even though the custodial parent receives no public assistance. *Lee v. Ystebo,* 353 N.W.2d 264, 265 (Minn.App.1984).

**2. Tax debt.**

Father argues that the ALJ erred when he determined that father's old income tax debt was a personal debt. He claims the ALJ should have considered that debt to reduce father's guideline support obligation. The ALJ did not err.

■ The court may under certain circumstances consider debts owed to "private creditors" and order a departure below the guidelines for a period not to exceed 18 months. Minn.Stat. § 518.551, subd. 5(d), (f). Father argues that, because his debt for unpaid income taxes is owed to the state and federal

---

1. Mother filed a motion with this court to dismiss father's appeal of the issue regarding the children's needs, because he failed initially to challenge the lack of findings in the district court. *Cf. Nelson v. Nelson,* 291 Minn. 496, 497, 189 N.W.2d 413, 415 (1971) (appeal from judgment of divorce and order denying motion for new trial; holding that appellant could not raise issue of failure to make appropriate findings "for the first time on appeal"). Technically, the rules of civil procedure do not provide for a motion to "reconsider," though parties commonly make such motions. Further, a motion for new trial is not needed to preserve issues for appeal in post-decree modification proceedings under Minn. Stat. § 518.64. *Huso v. Huso,* 465 N.W.2d 719, 721 (Minn.App.1991). We note, however, that father waived the issue of lack of findings on the needs of the children for a more fundamental reason: he had the burden to present evidence of the children's needs and to seek a deviation from the guidelines based on these needs, but he failed to do so. *See Taflin v. Taflin,* 366 N.W.2d 315, 319 (Minn.App.1985) (support obligor could not complain about district court's failure to reduce his support obligation where obligor failed to produce reviewable record on issue). We deny mother's motion to dismiss.

tax authorities and not to a private creditor, it is error to treat the debt in the same manner as a debt to a private creditor when calculating child support. We disagree. The guidelines direct that the court deduct income taxes from gross income to calculate current net income for purposes of determining guideline child support. Minn.Stat. § 518.551, subd. 5(b). Old income tax debt "does not fall within the statutory tax deductions allowed under Minn.Stat. § 518.551, subd. 5(a)." *Merrick v. Merrick,* 440 N.W.2d 142, 146 (Minn.App.1989). It is proper to treat such an income tax liability as a personal debt under section 518.551, subd. 5(d), rather than as an offset to the obligor's income. *Id.*

■ The court may consider debts under subdivision 5(d) "only if" the following three circumstances exist:

(1) the right to child support has not been assigned under section 256.74;

(2) the court determines that the debt was reasonably incurred for necessary support of the child or parent or for the necessary generation of income * * *; and

(3) the party requesting a departure produces a sworn schedule of the debts, with supporting documentation, showing goods or services purchased, the recipient of them, the amount of the original debt, the outstanding balance, the monthly payment, and the number of months until the debt will be fully paid.

Minn.Stat. § 518.551, subd. 5(d). Father failed to meet any of these factors. The IRS judgment of $3,348.98 and father's estimated state tax debt of $1,300 are for tax years 1986 through 1990. Mother provided evidence that during this period, she was on public assistance and the right to support had been assigned to the county under Minn. Stat. § 256.74. Father did not provide evidence to satisfy factors (2) and (3) for tax debt from 1986 through 1990, nor did he satisfy these factors for his alleged tax debt from more recent years.

The ALJ correctly treated father's old tax debt as personal debt. His refusal to deviate downward from guideline support based upon this debt does not constitute an abuse of discretion.

**3. Tax exemptions.**

■ Father contends that the ALJ erred in using tax exemptions for his new wife and her children to determine father's net income. We disagree. We will not reverse a determination of net income used to calculate child support if it has a reasonable basis in fact. *Strauch v. Strauch,* 401 N.W.2d 444, 448 (Minn.App.1987).

■ The court calculates child support by multiplying an obligor's net income by the applicable percentage in the guideline statute. Minn.Stat. § 518.551, subd. 5(b). To determine net income, the court deducts from the obligor's total income federal and state income taxes using "standard deductions." *Id.* The statute recommends the use of tax tables. *Id.* We have held that net income is "monies *available* to the tax payer." *Dinwiddie v. Dinwiddie,* 379 N.W.2d 227, 229 (Minn.App.1985). The guideline statute provides, " 'Net income' does not include * * * income of the obligor's spouse." Minn.Stat. § 518.551, subd. 5(b). Accordingly, when a support obligor receives a joint income tax refund with a new spouse, the court may not include in the obligor's net income that portion of the refund "attributable to his spouse's earnings." *Mackin v. Mackin,* 392 N.W.2d 5, 7 (Minn.App.1986).

■ The ALJ's findings of father's net income was based upon father's pay stubs, an affidavit from his employer, federal and state tax tables, a tax guide regarding withholding from employees, father's 1994 IRS form W–4, in which he claimed six exemptions, IRS form 1040 instructions showing that father may claim a dependency exemption for stepchildren living with him, and father's testimony that he was married and has two stepchildren. Contrary to father's claim, the dependency exemption here is not the income of his spouse and stepchildren. Instead, it is a factor used to determine the standard deduction from father's gross income. On this record, the ALJ did not err in calculating father's current net income.

**DECISION**

The ALJ did not abuse his discretion in ordering an increase in father's child support

obligation. Findings regarding the children's needs are not necessary where the increase in father's net income met the statutory threshold for a presumptive increase in support and where father did not seek a downward departure based on the children's needs. The ALJ did not err in treating father's old income tax debt as a personal debt and appropriately used tax exemptions for father's new wife and stepchildren when calculating his net income.

**Affirmed.**