**STATE of Minnesota, COUNTY OF ST. LOUIS, on behalf of Sharon RI-MOLDE, f/k/a Sharon Crego, f/k/a Sharon Kallio, petitioner, Respondent,**

v.

**Rydell TINKER, Appellant.**

**No. C0–99–853.**

Court of Appeals of Minnesota.

Nov. 2, 1999.

James Perunovich, Hibbing, MN (for respondent).

Keith M. Carlson, Cloquet, MN (for appellant).

Considered and decided by HALBROOKS, Presiding Judge, KLAPHAKE, Judge, and ANDERSON, Judge.

## OPINION

KLAPHAKE, Judge.

Rydell Tinker appeals from an order modifying his child support obligation and denying his request for an award of the tax exemption for the parties' child. Because the district court did not abuse its discretion by refusing to award Tinker the dependency exemption and by refusing to deviate downward from the child support guidelines, we affirm on those issues. Because the district court miscalculated Tinker's net monthly income and failed to find whether Tinker's voluntary 401K deduction was reasonable, we reverse and remand on the issue of net income.

## FACTS

Tinker and respondent Sharon Crego, f/k/a Sharon Kallio (Kallio) are the parents of a child born in 1983. In 1995, Tinker was paying child support of $344 per month to Kallio, the custodial parent.

In September 1997, the parties agreed to change custody and Tinker was granted primary physical custody of the child. By order issued February 23, 1998, the district court set Kallio's child support obligation at $304 per month.

By agreement of the parties, the child returned to Kallio's custody in October 1998. Tinker thereafter moved for an order to return his child support obligation to $344 per month, which represents a downward deviation from the child support

guidelines. He also requested that he be awarded the tax dependency exemption for the child. In support of his motion, he submitted an affidavit in which he stated that he and his wife have a son, that his wife does not work outside the home, and that his request for a downward deviation is based on the financial needs of his son.

Kallio opposed Tinker's motion. She calculated Tinker's net monthly income at $2,395, which assumes he is paid every two weeks. Kallio's calculation did not exclude Tinker's 401K contribution, which she argued is a voluntary contribution to a deferred compensation program and is separate from the pension Tinker receives from his employer, Potlach Corporation. She further argued that Tinker has failed to establish any need or justification for deviating from the guidelines because his discretionary income is adequate to cover his estimated monthly expenses.

The district court essentially adopted Kallio's calculations, refused to deviate, and set Tinker's child support at $599 per month. The court further refused to award Tinker the dependency exemption. Tinker appeals.

## ISSUES

1. Did the district court clearly err in calculating Tinker's net income?

2. Did the district court abuse its discretion in denying Tinker's request for a downward deviation in the child support guidelines?

3. Did the district court abuse its discretion in denying Tinker the dependency exemption?

## ANALYSIS

### I.

■ Findings on net income will be affirmed on appeal if those findings have a reasonable basis in fact and are not clearly erroneous. *Strauch v. Strauch*, 401 N.W.2d 444, 447 (Minn.App.1987). "Net income" for the purposes of child support

is defined as total monthly income, minus federal and state income tax deductions, social security deductions, health insurance costs, union dues, and "[r]easonable [p]ension [d]eductions." Minn.Stat. § 518.551, subd. 5(b) (1998).

■■■ Tinker claims the district court erred by failing to consider the amount he contributes to a 401K plan, which is approximately six percent of his gross income. The district court made no findings regarding the 401K deduction, and appears to have accepted Kallio's argument that voluntary pension contributions that supplement an employer's separate pension plan are not appropriate deductions when determining net income. Such an assumption is erroneous: pension deductions, whether voluntary or mandatory, must be excluded when determining net income if those deductions are reasonable. Minn.Stat. § 518.551, subd. 5(b). Reasonableness may be established in a variety of ways, including comparison of Tinker's contribution with the average 401K contribution of other Potlach employees, or comparison of Tinker's contribution with his employer's contribution and examination of the total of those contributions. We therefore remand for findings on the issue of whether Tinker's 401K deduction is reasonable. *See Mueller v. Mueller,* 419 N.W.2d 845, 847 (Minn.App.1988) (remand required when no reasonableness finding made on IRA deduction and employer pension).

■■■ Tinker also claims the district court erred by assuming he is paid bi-weekly, rather than bi-monthly. The record tends to support Tinker's claim: a 1998 paycheck stub shows that he was paid $1,470 for 88 hours, while a 1999 paycheck stub shows he was paid the same amount for 80 hours. Thus, on remand the district court must determine whether Tinker is paid bi-monthly or bi-weekly. In addition, the district court should calculate Tinker's current net income. *See Merrick v. Merrick,* 440 N.W.2d 142, 146 (Minn.App.1989) (court should not base net income findings on documentation from prior year when obligor has submitted more recent income information); *Thomas v. Thomas,* 407 N.W.2d 124, 127 (Minn.App.1987) (same). Finally, the court should use deductions based on Tinker's tax filing status as M–3, which properly considers his new wife and child. *See Rouland v. Thorson,* 542 N.W.2d 681, 685 (Minn.App.1996) (trial court properly calculated net income using deductions for new wife and child). The court may reopen the record on remand to allow additional evidence to be presented on these issues.

## II.

■■■ Tinker challenges the district court's denial of his request for a downward deviation from the child support guidelines, claiming that child support should be returned to his 1995 payment of $344 per month. When the parties agreed to a change of custody, however, a substantial change in circumstances occurred that required recalculation of child support. Minn.Stat. § 518.64, subd. 2(a) (1998); *Buntje v. Buntje,* 511 N.W.2d 479, 481 (Minn.App.1994).

Tinker further argues that the district court's failure to properly consider the financial needs of his subsequent child renders its decision unreasonable and unfair. In his affidavit, Tinker estimates his basic minimal monthly expenses for himself and his new family total $1,885, an amount that includes Tinker's former child support payment of $344.

■■■ When it follows the child support guidelines, a trial court need not make written findings explaining its refusal to deviate. Minn.Stat. § 518.551, subd. 5(i) (1998). In this case, the district court found "no reason to deviate from the child support guidelines" and noted that Tinker's income and expenses did not justify deviation from the guidelines. We agree. Tinker's claimed expenses are adequately covered by his net income, even when his calculation of that income ($2,137) is ac-

cepted. The district court therefore did not abuse its discretion by refusing Tinker's request to deviate. *See Buntje,* 511 N.W.2d at 481 (court did not abuse discretion by refusing to deviate and by applying guidelines). The district court's recalculation of Tinker's net monthly income on remand should not affect our affirmance of the district court's refusal to deviate, unless its recalculation is substantially less than $2,137 per month.

### III.

■■■■ Tinker argues the district court abused its discretion in refusing to award him the tax dependency exemption for the parties' child. The general rule is that the dependency exemption goes to the custodial parent. *Gerardy v. Gerardy,* 406 N.W.2d 10, 14 (Minn.App.1987). A custodial parent may waive her right to claim the deduction. 26 U.S.C.A. § 152(e)(2)(A), (B) (Supp.1999).

■■■■ The district court could have awarded the dependency exemption to Tinker by ordering Kallio to sign a waiver. *Kriesel v. Gustafson,* 513 N.W.2d 9, 13 (Minn.App.1994); *Fudenberg v. Molstad,* 390 N.W.2d 19, 21 (Minn.App.1986). Absent such a waiver or some other basis justifying the award of the dependency exemption to the noncustodial parent, the district court did not abuse its discretion by refusing to allocate the exemption to Tinker. *See Crosby v. Crosby,* 587 N.W.2d 292, 298 (Minn.App.1998) (although mother designated primary physical custodian, award of dependency exemption to father upheld where physical care of children was equally divided between parents, where mother had greater financial resources, and where exemption was of no benefit to her because her primary source of income was already tax exempt), *review denied* (Minn. Feb. 18, 1999); *Joneja v. Joneja,* 422 N.W.2d 306, 310 (Minn.App.1988) (decision to award exemption within trial court's discretion).

### DECISION

The district court's calculation of Tinker's net monthly income is reversed and remanded. On remand, the district court must find whether Tinker's voluntary 401K contribution represents a reasonable pension deduction that should be excluded when calculating his net monthly income.

Because the district court did not abuse its discretion by refusing to deviate downward from the child support guidelines or by refusing to award Tinker the dependency exemption, we affirm on those issues.

**Affirmed in part, reversed in part, and remanded.**