**Katherine Fashant LEIFUR,
petitioner, Respondent,**

v.

**Conrad William LEIFUR,
petitioner, Appellant.**

No. A11–1475.

Court of Appeals of Minnesota.

Sept. 4, 2012.

John R. Schulz, Jennifer A. Jameson, McGrann Shea Carnival Straughn & Lamb, Chtd., Minneapolis, MN; and Kay Nord Hunt, Lommen, Abdo, Cole, King & Stageberg P.A., Minneapolis, MN, for respondent.

Edward L. Winer, Shannon M. Bixby–Pankratz, Moss & Barnett, P.A., Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; PETERSON, Judge; and STONEBURNER, Judge.

**OPINION**

PETERSON, Judge.

In this maintenance-modification dispute, appellant-husband argues that the district court erred by invalidating the parties' mediated agreement that any

modification of spousal support would be retroactive to a specific date before the modification motion was served. Because Minn.Stat. § 518A.39, subd. 2(e), prohibits the district court from adopting the mediated agreement, we affirm.

## FACTS

The parties' marriage was dissolved by a stipulated judgment in November 2006. Under the judgment, respondent-wife is the primary caretaker of the parties' three children. The judgment required appellant-husband to pay $1,500 per month for child support and pay for the children's health and dental insurance and required each party to contribute $803 monthly to a joint account to cover expenses for the children. The judgment also required husband to pay $6,600 per month for spousal maintenance until April 2021 and provided that maintenance would be reviewed in 2010 and 2016.

In November 2007, husband was laid off from his job. Husband received severance pay equal to his salary until May 2008 and continued to pay his spousal-maintenance and child-support obligations until January 2009, when husband requested that the parties begin mediation to modify husband's maintenance and support obligations.[1] Husband continued to pay child support in full, but in February 2009, he reduced the amount that he paid for spousal maintenance, stopped paying for the children's health and dental insurance, and stopped contributing $803 monthly to the joint account.

At first, the parties were not represented by counsel during mediation. But they retained counsel in March 2009, and both parties were represented by counsel at a mediation session on May 28, 2009, when they signed a one-page document, which states:

> LEIFUR, Conrad and Katherine, with their attorneys present.
> MEDIATION AGREEMENTS
> Katherine and Conrad met in a mediation session with their attorneys present for the purpose of discussing modifications to the Judgment and Decree of Dissolution entered by the Court November 21, 2006. They have scheduled a second mediation session for June 5, 2009 to continue the discussions.
> They wish to make the following agreement binding upon them.
> 1. The parties agree that any modification of child support and spousal support be retroactive to June 1, 2009.
> Prepared by Stephen K. Erickson
> ERICKSON MEDIATION INSTITUTE

The parties continued to mediate.

In May 2010, wife filed a motion to enforce the maintenance and support provisions of the dissolution judgment and requested a judgment in the full amount of the maintenance and support arrearages. Following two continuances, a hearing on the motion was scheduled for October 28, 2010. On October 18, 2010, husband served a motion requesting that his maintenance obligation be terminated or suspended and that the suspension be retroactive to June 1, 2009. At the October 18 motion hearing, husband orally amended his motion to request suspension or modification of maintenance, not termination, and the court accepted the oral modification.

The district court reduced husband's maintenance obligation but rejected husband's argument that under the May 2009 mediation agreement, the modification is

---

1. The dissolution judgment required the parties to make "an attempt at good faith negotiation through mediation" before filing a motion with the court.

retroactive to June 1, 2009. The district court explained:

> Under Minn.Stat. 518A.39, subd. 2(e), a modification of support or maintenance may be made retroactive only with respect to any period during which the petitioning party has pending a motion for modification. The statute does not authorize the Court to establish an earlier retroactive date.

The district court made the maintenance modification retroactive to the date of the hearing (October 28, 2010) and awarded wife $104,100 in maintenance arrearages.

Husband filed a motion for amended findings, in part with regard to the district court's ruling on the retroactivity of the maintenance modification. Regarding the retroactivity of the maintenance modification, the district court construed husband's motion as a motion for reconsideration, and confirmed its previous order. This appeal followed.

## ISSUE

Did the district court have authority to make the maintenance modification retroactive to June 1, 2009?

## ANALYSIS

■ We review questions of statutory interpretation de novo. *Beecroft v. Deutsche Bank Nat'l Trust Co.*, 798 N.W.2d 78, 82 (Minn.App.2011), *review denied* (Minn. July 19, 2011). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16

(2010). The maintenance-modification statute provides:

> After an order under this chapter or chapter 518 for maintenance or support money ... the court may from time to time, on motion of either of the parties ... modify the order respecting the amount of maintenance or support money, and the payment of it ... and may make an order respecting these matters which it might have made in the original proceeding, *except as herein otherwise provided.*

Minn.Stat. § 518A.39, subd. 1 (2010) (emphasis added).

One of the exceptions in section 518A.39 from the district court's authority to modify maintenance provides:

> A modification of support or maintenance ... may be made retroactive only with respect to any period during which the petitioning party has pending a motion for modification but only from the date of service of notice of the motion on the responding party and on the public authority if public assistance is being furnished or the county attorney is the attorney of record.

Minn.Stat. § 518A.39, subd. 2(e).

This court construed the language of this exception as it applies to a modification of child support in *Buntje v. Buntje*, 511 N.W.2d 479 (Minn.App.1994).[2] In *Buntje*, the parties agreed during mediation to change custody of their son but failed to reach an agreement about child support. 511 N.W.2d at 480. After mediation of the child-support issue failed, the custodial parent served the noncustodial parent with a motion to modify the original dissolution judgment to award child sup-

---

**2.** When this court decided *Buntje*, the statutory language was codified as Minn.Stat. § 518.64, subd. 2(c) (1992). The language has been renumbered as Minn.Stat. § 518A.39, subd. 2(e). *See* 2005 Minn. Laws ch. 164, § 29, at 1924–25 (instructing revisor of statutes to create new chapter in Minnesota Statutes composed of provisions in Minnesota Statutes that relate to providing support for children).

port from the noncustodial parent. *Id.* The district court ordered the noncustodial parent to pay monthly child support and made the support obligation retroactive to the date when mediation began. *Id.* This court concluded that "the statute's explicit language prohibits awarding retroactive support for periods before notice of a modification motion has been served." *Id.* at 482. Pursuant to the statute, this court modified the child-support award to make it retroactive only to the date that the custodial parent served notice of the modification motion on the noncustodial parent. *Id.*

■ Unlike the present case, the parties in *Buntje* did not agree to make any modification of child support retroactive to a date before notice of the modification motion was served. The issue in this case is whether the parties' agreement regarding retroactivity permitted the district court to modify maintenance retroactively to June 1, 2009, despite the language in Minn.Stat. § 518A.39, subd. 2(e), that explicitly prohibits awarding retroactive support for periods before notice of a modification motion has been served. We conclude that the retroactivity agreement could not give the district court this authority.

This court has stated:

It is well settled that in a stipulation, parties are free to bind themselves to obligations that a court could not impose. *LaBelle v. LaBelle,* 302 Minn. 98, 111, 223 N.W.2d 400, 408 (1974); *see also Geiger v. Geiger,* 470 N.W.2d 704, 707 (Minn.App.1991) (stating "stipulations may waive parties' statutory rights in dissolution cases"), *review denied* (Minn. Aug. 1, 1991).

*Gatfield v. Gatfield,* 682 N.W.2d 632, 637 (Minn.App.2004), *review denied* (Minn. Sept 29, 2004). But neither *Gatfield* nor the authorities it cites for the principle that parties are free to bind themselves to obligations that a court could not impose involved a stipulation like the stipulation in this case, in which the parties agreed that the district court may do what it is explicitly prohibited by statute from doing.

This court's interpretation of the statute in *Buntje* applies to husband's motion to modify spousal maintenance just as it applied to the custodial parent's motion to modify child support in *Buntje.* Husband makes meritorious policy arguments that note the strong preference of Minnesota courts to encourage resolution of dissolution matters through mediation. But this court may not disregard unambiguous statutory language. The district court can adopt a stipulation that the court may do something that the legislature has not prohibited, but the parties cannot by stipulation confer on the court authority to do something that the legislature has explicitly prohibited.[3]

### DECISION

The district court did not err by concluding that under Minn.Stat. § 518A.39, subd. 2(e), it had no authority to make the maintenance modification retroactive to a date before the date that husband served notice of his modification motion on wife.

**Affirmed.**

---

**3.** As this court noted in *Buntje,* we note here that the problem husband faces could have been avoided "had he served the modification motion with a request that it be held in abeyance pending the parties' mediation efforts.

Proceeding in that manner would have complied with the statutory requirement without undermining the state's policy promoting mediation." 511 N.W.2d at 482.