*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0926
A14-1596**

In re the Marriage of:
Holly V. Anderson, petitioner,
Respondent,

vs.

Derrik T. Anderson,
Appellant.

**Filed May 18, 2015
Affirmed in part, reversed in part, and remanded
Halbrooks, Judge**

Scott County District Court
File No. 70-FA-09-14473

Mark A. Olson, Olson Law Office, Burnsville, Minnesota (for respondent)

Kay Nord Hunt, Lommen Abdo, P.A., Minneapolis, Minnesota; and

Shannon M. Bixby-Pankratz, Moss & Barnett, Minneapolis, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Halbrooks, Judge; and Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

In this renewed and consolidated appeal after remand in a marriage-dissolution dispute, appellant asserts that the district court erred by amending the determination of his gross income, awarding respondent $1,000 per month in permanent spousal maintenance, finding appellant in contempt for nonpayment of spousal maintenance, and awarding respondent conduct-based attorney fees. We affirm in part, reverse in part, and remand.

## FACTS

Appellant Derrik T. Anderson and respondent Holly Virginia Anderson were married in 1989. After separating in 2009, they entered into a partial stipulation concerning custody of their minor child, parenting time, and health insurance, and went to trial in late 2010 to resolve spousal maintenance, child support, and limited issues of property division. After a three-day trial, the district court found that appellant's average gross monthly income as a cement finisher in 2010 was $3,980, that "side jobs" are a "potential source of additional income" for him in the future, and that his claimed monthly expenses were $4,800. Respondent is a technology assistant in a school district. The district court found that her gross monthly income was $2,112.70 and her claimed monthly expenses were $3,215. The 2011 judgment and decree required appellant to pay $1,000 per month in permanent spousal maintenance and respondent to pay $113 per month in child support. Both parties appealed, and we affirmed in part, reversed in part,

and remanded. *Anderson v. Anderson*, No. A11-1224, 2012 WL 3023433 (Minn. App. July 23, 2012) (*Anderson I*), *review denied* (Minn. Oct. 16, 2012).

In *Anderson I*, we concluded that (1) the district court did not err by extrapolating appellant's annual gross income from his year-to-date paystubs but did err by considering future income from potential side jobs in determining the spousal-maintenance award (I.A.1); (2) the district court did not err by *not* imputing income to appellant based on potential side jobs or by *not* determining his gross income based on an average of the past 11 years (I.A.2); (3) the district court erred by failing to make findings about the parties' reasonable expenses and failing to base its determination on the appropriate statutory factors (I.C); and (4) the district court did not err by determining that appellant's income for child-support purposes was $3,980 per month (II.A), but that its worksheet calculations of child support were flawed (II.D). We affirmed in part, reversed in part, and remanded "for further proceedings on the issues discussed above in parts I.A.1, I.C., and II.D."

On remand, appellant requested that the district court[1] proceed without reopening the record. Respondent opposed appellant's request, attaching a newly obtained, state-issued wage summary showing that appellant's actual 2010 reported gross income was nearly $10,000 more than he had represented to the district court based on the paystubs offered at trial. Respondent later moved to reopen the judgment based on fraud. The district court ordered an evidentiary hearing, stating, "[Respondent's] Motion to Reopen

---

[1] Because the district court judge who conducted the trial had retired while the appeal was pending, the case was reassigned on remand.

the Record based on fraud on the part of [appellant] is GRANTED." The district court also found that the record contained "sufficient information . . . to make the necessary findings dictated by" this court, but because the record would be reopened based on fraud, the district court would "handle the remand, fraud, and [other] issues at [a single hearing]."

After the hearing, the district court found that appellant's 2010 gross annual income was $62,591 ($5,216 monthly), which was $17,446 more than he had represented at trial. The district court relied on appellant's actual reported gross income and also employed a seven-year average to estimate appellant's income from side jobs. The district court noted that

> [d]uring trial, [appellant] claimed that his income was down due to the bad economy and less work available to him, however his 2010 tax return indicates that his income was similar to what it had been in previous years. Moreover, his timesheets . . . showed an increase in hours worked in the month immediately following the original trial.

The district court also reconsidered the parties' monthly expenses and found that while respondent's budget was "austere," appellant's should be reduced by $600 per month to $4,200. The district court awarded $1,000 in permanent monthly spousal maintenance to respondent and increased respondent's child-support obligation to $363 per month as a result of the maintenance award. The order provides that appellant may offset his maintenance obligation by $200 per month to recoup accrued unpaid child support.

Both parties moved for amended findings, and the district court denied both motions. The district court expressly rejected respondent's request for a finding of fraud, stating, "The Court did not make a finding of Fraud, and accordingly did not include such a determination in the Order." The district court did not enter judgment on its amended order for spousal maintenance and child support.

Respondent later moved for a finding of constructive civil contempt based on appellant's continued nonpayment of spousal maintenance, an order for judgment on his unpaid spousal maintenance (offsetting her unpaid child support), and an order requiring appellant to maintain a life-insurance policy as security for his past and future maintenance obligations. The district court granted the requested relief, found appellant in contempt, ordered entry of judgment against appellant on his unpaid spousal maintenance (less respondent's unpaid child support), ordered him to obtain a life-insurance policy to secure his obligations, and awarded respondent $7,162.50 in attorney fees and $227 in costs.

Appellant filed a notice of appeal of the district court's amended order on spousal maintenance and child support and its order denying his motion for amended findings. We dismissed the appeal as premature and directed the district court to enter judgment. On Friday, May 30, 2014, appellant moved (without including a hearing date) to modify spousal maintenance based on a substantial change in financial circumstances and to vacate the $7,162.50 contempt-based attorney-fees award. On Monday, June 2, the district court entered judgment on its amended spousal-maintenance and child-support order, now the amended judgment and decree.

On June 4, appellant filed a notice of appeal of the district court's contempt, life-insurance, and attorney-fees order and its amended judgment and decree. The next day, appellant filed an amended motion to modify spousal maintenance, setting a hearing date in July. He later rescheduled the hearing at least once. Respondent responded by serving a notice of intent to seek sanctions based on the motion to modify, which appellant countered by filing a motion to compel discovery, for leave to exceed discovery limits, and for attorney fees. After a combined hearing, the district court reserved appellant's motion to modify spousal maintenance pending the outcome of his appeal of the existing award, denied his discovery motion, awarded an additional $5,139.50 to respondent in conduct-based attorney fees, and denied all other requested relief. Appellant then filed a notice of appeal of the motion-practice-based attorney-fees award and moved to consolidate his appeals, which we granted.

## DECISION

### I.

Appellant challenges the district court's amended determination of his gross income, and consequently its spousal-maintenance award, arguing that the district court erred on remand by modifying the determination of his gross income that we had affirmed in *Anderson I*. On remand, the district court is charged with the duty of faithfully executing the instructions of the appellate court. *Halverson v. Vill. of Deerwood*, 322 N.W.2d 761, 766 (Minn. 1982). We review a district court's compliance with remand instructions for an abuse of discretion. *State ex rel. Swan Lake Area*

6

*Wildlife Ass'n v. Nicollet Cnty. Bd. of Cnty. Comm'rs*, 799 N.W.2d 619, 631 (Minn. App. 2011).

In *Anderson I*, we remanded "for further proceedings on the issues discussed above in parts I.A.I., I.C., and II.D." 2012 WL 3023433, at *8. We specifically concluded that "the district court erred when determining the amount of spousal maintenance" and stated that the district court on remand "should make explicit findings about the parties' respective reasonable expenses, should acknowledge and consider the resulting monthly deficit of each party, and should state reasons for its award that are based on the [Minn. Stat. § 518.552, subd. 2 (2010)] factors." *Id.* at *5. We also concluded that the district court did not err by (1) extrapolating appellant's annual gross income from evidence of his year-to-date income, (2) not imputing income based on potential side jobs, or (3) not determining appellant's income based on an average of past years of work history. Accordingly, we did not charge the district court on remand with making a new determination of appellant's gross income, and the district court exceeded the scope of our remand by doing so. Because the amended finding of appellant's gross income was not within the scope of remand, we next consider whether there was another basis on which the district court could have reopened the judgment in this respect.

On remand, respondent moved to reopen the judgment based on fraud, attaching evidence tending to show that appellant's actual 2010 reported income was approximately $10,000 more than he had claimed at trial. "A decree of dissolution of marriage . . . is final when entered, subject to the right of appeal," unless a party establishes in a timely motion a statutory basis for reopening the judgment and decree.

7

Minn. Stat. § 518.145, subds. 1, 2 (2014).  The statutory bases provided in Minn. Stat. § 518.145, subd. 2, include ordinary fraud and fraud upon the court.  *Thompson v. Thompson*, 739 N.W.2d 424, 428 (Minn. App. 2007).  "The moving party bears the burden of establishing a basis to reopen the judgment and decree."  *Id.*

"A district court may summarily dispose of a fraud claim . . . only where there is no genuine issue of material fact in dispute and where a determination of the applicable law will resolve the controversy."  *Doering v. Doering*, 629 N.W.2d 124, 130 (Minn. App. 2001) (quotation omitted), *review denied* (Minn. Sept. 11, 2001).  Based on respondent's prima facie showing of fraud, the district court properly granted an evidentiary hearing on the issue of appellant's 2010 gross income.

After considering the evidence presented, the district court declined to make a finding of fraud.  The district court nevertheless amended the finding of appellant's 2010 gross income that we had affirmed in *Anderson I*.  Because appellant's gross income was outside the scope of remand and the district court did not reopen the judgment based on a finding of fraud, we conclude that the district court lacked a basis to make a new finding of appellant's gross income.  We therefore conclude that the district court abused its discretion by doing so, and we reverse the amended judgment and decree on that basis.  On remand, the district court is instructed to reconsider its spousal-maintenance award, and therefore its child-support award, using the district court's original finding that appellant's gross monthly income is $3,980.  But we note that nothing in this decision prevents respondent from seeking a modification of the spousal-maintenance award.

## II.

Appellant correctly argues that our reversal of the spousal-maintenance award also requires the reversal of the contempt finding for failing to comply with that order. "Civil contempt proceedings are designed to induce future performance of a valid court order, not to punish for past failure to perform." *Engelby v. Engelby*, 479 N.W.2d 424, 426 (Minn. App. 1992). A civil contempt proceeding therefore falls "with the reversal or other annulment of the order disobeyed." *Red River Potato Growers' Ass'n v. Bernardy*, 128 Minn. 153, 156, 150 N.W. 383, 384 (1915).

## III.

Appellant argues that the district court abused its discretion by ordering him to obtain a life-insurance policy to secure his spousal-maintenance obligation without making findings about his insurability or the cost of the premiums. "The [district] court has discretion to determine whether the circumstances justifying an award of maintenance also justify securing it with life insurance." *Maeder v. Maeder*, 480 N.W.2d 677, 680 (Minn. App. 1992) (quotation omitted), *review denied* (Minn. Mar. 19, 1992); *see also* Minn. Stat. § 518A.71 (2014) ("[T]he court may require sufficient security to be given for the payment of [maintainance] . . . ."). The Minnesota Supreme Court has emphasized the importance of making factual findings regarding the obligor's insurability and the cost of insurance when ordering life insurance as security. *Lee v. Lee*, 775 N.W.2d 631, 642-43 (Minn. 2009). The district court here made no such findings before imposing this requirement. We therefore conclude that the district court erred. We remand for reconsideration of the order for life insurance in light of our spousal-

9

maintenance ruling and, if the district court again orders life insurance as security, for explicit findings on insurability and the cost of insurance.

## IV.

Appellant argues that the district court abused its discretion by awarding conduct-based attorney fees to respondent in connection with (1) her contempt motion for nonpayment of spousal maintenance and (2) his motion to modify spousal maintenance, to vacate the contempt-based attorney-fees award, for leave to exceed discovery limits, and to compel discovery. Under Minnesota law, the district court may award conduct-based attorney fees "against a party who unreasonably contributes to the length or expense of [a dissolution] proceeding." Minn. Stat. § 518.14, subd. 1 (2014). Conduct-based attorney-fee awards "are discretionary with the district court." *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 295 (Minn. App. 2007); *see also Sharp v. Bilbro*, 614 N.W.2d 260, 264-65 (Minn. App. 2000) (referring to "the breadth of the district court's discretion in awarding conduct-based attorney fees" and finding no abuse of its "broad discretion"), *review denied* (Minn. Sept. 26, 2000).

**Contempt-Motion-Based Fees**

The district court found that appellant's "refusal to comply with the Court Order to pay spousal maintenance to [respondent] has unreasonably contributed to the length and expense of the proceedings, and conduct-based attorney[] fees are appropriate." The district court ordered appellant to pay $7,162.50 in attorney fees and $227 in costs, which it found were reasonably incurred by respondent in bringing her contempt motion. Having reversed the district court's finding of contempt on the merits, we also reverse the

10

attorney fees awarded in connection with the contempt motion. *See Gorz v. Gorz*, 552 N.W.2d 566, 570-71 (Minn. App. 1996) (reversing the attorney-fee award after concluding that the district court erred by finding the appellant's motion meritless).

**Motion-Practice-Based Fees**

The district court also awarded attorney fees to respondent based on appellant's "pattern of avoiding his Court-ordered support and engaging in voluminous discovery requests with the apparent intention to burden [respondent] with ongoing legal fees," noting that "[t]he Court does not look favorably on these tactics." Appellant argues that because the district court could have elected to rule on his motion to modify spousal maintenance while his appeal of the existing award was pending, the motion to modify and his related discovery motion were properly filed, and the district court therefore clearly abused its discretion by awarding attorney fees. He does not argue here that his motion to vacate the contempt-based attorney fees award was properly pursued in the district court while he was challenging the same award on appeal.

Appellant relies on *Perry v. Perry* and *Leifur v. Leifur* in support of his challenge to the motion-practice-based attorney-fees award, but neither case analyzes the propriety of an attorney-fees award. In *Perry*, we held that because of the paramount importance of the best interests of the children, a district court retains the authority to rule on a motion to modify child support while an appeal of the existing order is pending, but the district court has the discretion to defer its decision until the appeal is decided based on principles of judicial economy. *Perry v. Perry*, 749 N.W.2d 399, 403 (Minn. App. 2008). And in *Leifur* we held that, irrespective of any agreement of the parties, a modification of

11

spousal maintenance may only be made retroactive to the date of service of notice of the motion to modify. *Leifur v. Leifur*, 820 N.W.2d 40, 42-43 (Minn. App. 2012). We conclude that *Perry* and *Leifur* do not bar the district court's award of conduct-based attorney fees here.

It is one thing to serve a motion to modify spousal maintenance for purposes of establishing the date of retroactivity. *See id.* at 43 (interpreting Minn. Stat. § 518A.39, subd. 2(e) (2010)). It is quite another to aggressively pursue a ruling on that motion, request and reschedule hearings, seek leave to exceed discovery limits, file a motion to compel responses to voluminous discovery, and file motions to vacate an earlier contempt-based attorney-fees order while simultaneously appealing that award. In light of the great deference we give to a district court's decision to award conduct-based attorney fees, we cannot say that the district court here clearly abused its discretion by finding that appellant unreasonably contributed to the length or expense of the dissolution proceeding. We therefore affirm the district court's award of $5,139.50 in conduct-based attorney fees.

**Affirmed in part, reversed in part, and remanded.**

12